J. S. Alves, et al., *v.* City of Henderson.

**Bonds of City Marshal—Liability of Sureties.**

Where the law requires the city marshal to execute two bonds, one conditioned that he will account to the city for taxes collected each year and the other conditioned that he will account for all moneys coming into his hands in discharging his general duties, etc., and such officer fails to account for money collected on execution by him, only the sureties on the general bond are liable and not those on the bond relating to the collection of city revenues.

APPEAL FROM HENDERSON CIRCUIT COURT.

February 13, 1875.

Opinion by Judge Cofer:

The charter of the city of Henderson provides for the execution by the marshal of two bonds, corresponding in some, if not in all respects to the bonds required by the general law to be given by sheriffs.

The bond filed with the original petition was Gayle's official bond, as contradistinguished from his revenue bond; and his sureties on that bond are alone liable for his failure to pay over to the city treasurer money collected on executions placed in his hands in favor of the city.

The bond filed with the amended petition, although its terms are comprehensive enough to include the money sued for in this action, was taken under Sec. 9 of Art. 9 of the charter, and was intended to secure the revenue of the city, which might come to the hands of the marshal from taxes, penalties, etc., which he was directed or authorized by law to collect and receive. This we understand to include only such money as he might collect in virtue of his office as collector for the city, and not such as he might collect under final process issued by a court, and which might have been collected as well by any other collecting officer of the county. Unless there was some such distinction as this in the mind of the legislature, there would seem to have been no reason for requiring the first bond; and this view is strengthened by the fact that the second bond is required by a provision of the 9th article, which is entitled "Assessment and Collection of Taxes," and relates alone to the mode of assessing and collecting taxes, and the property and persons subject to taxation.

Sec. 10 of that article prescribes the qualification of the marshal's sureties on the bond provided for by the preceding section, and provides that they shall be jointly worth a sum equal to the aggregate amount of revenue to be collected for the year; and Sec. 11 provides that the city shall have a lien on the property of the marshal until he "obtains a quietus for all revenue and public dues for which he is bound." Money collected on fi. fa. is not either revenue or public dues, within the meaning of these terms as used in this connection, nor is the term quietus ordinarily applied to an acquittance for money collected on executions; but these terms are all such as are commonly used only in the revenue laws in relation to that which is technically public revenue.

The first sentence of the section under which the bond on which appellants are sureties provides that the city marshal shall, by virtue of his office, be collector of the taxes, and then follows the requirement that he shall in May or June of each year execute bond to the city, etc.

These considerations point clearly to the conclusion that the bond in question was only intended to secure the reveue proper of the city, and that only the sureties in the bond required by Sec. 16 of Art. 6 are responsible for defalcations, such as are sued for in this case.

The court, therefore, erred in not carrying the city's demurrer to the answer of the appellants back to the petition, which, for the reasons herein given, failed to state facts constituting a cause of

action against the sureties in the bond filed with the amended petition.

Wherefore the judgment is *reversed* as to J. S. Alves and L. H. Lambert, and the cause is remanded with direction to dismiss the petition as to them.

*Clay & Coleman, for appellants.*
*Vance & Merrit, Truner & Trafton, for appellee.*